# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee, | Case: 15-cv-9593 |
| *Plaintiffs-Judgment Creditors,* | Judge: Charles P. Kocoras |
| v. | Magistrate Judge Daniel Martin |
| LONGHORN SAND and GRAVEL, LLC, an Indiana limited liability company, | |
| *Defendant-Judgment Debtor,* | |
| and | |
| JOHN GREEN, | |
| *Respondent-Judgment Debtor.* | |

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT ORDER

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund and Arthur H. Bunte, Jr., trustee thereof (collectively, "Plaintiffs" or "Central States"), and for the reasons stated in this Motion, request this Honorable Court to enter a judgment against John Green in the amount of $23,378.25. In support of this Motion, Plaintiffs state as follows:

**A.      Background Information.**

1.      On December 3, 2015, this Court entered a Judgment Order in the amount of $21,106.44 in favor of Central States and against Defendant Longhorn Sand and Gravel, LLC ("Longhorn"). (Dkt. 13.)

2. On August 1, 2016, the Clerk of the Court issued a Citation in Supplemental Proceedings to Discover Assets (the "Citation") to Longhorn. The Citation contained a provision which forbid Longhorn from transferring its assets.

3. On August 10, 2016, the Citation was served on Longhorn through John Green, the company's owner and Manager.

4. On October 4, 2016, Plaintiffs filed their Motion for Order of Contempt of Court and for an Accounting directed at John Green (the "Contempt Motion") because Plaintiffs alleged that he caused or allowed Longhorn to transfer assets in violation of the Citation. (Dkt. 15.)

5. Since Plaintiffs did not know whether the value of the assets transferred was less than the amount of the outstanding judgment, Plaintiffs requested an accounting of all transfers made after August 10, 2016 (the date Green was served with the Citation), to determine the judgment amount they are entitled to recover under 735 ILCS 5/2-1402(f)(1).

6. On March 3, 2017, this Court entered an order granting Central States' Contempt Motion and required Longhorn to provide Central States with a complete accounting of all payments made from August 10, 2016 to February 28, 2017. (Dkt. 41 and 42.)

7. Longhorn has produced its bank statements from August 10, 2016 through March 31, 2017. (¶ 3 of the Affidavit of Caitlin M. McNulty, attached hereto as Exhibit A and hereinafter cited as "Ex. A - McNulty Affidavit, ¶ __".)

8. The statements show that Longhorn transferred at least $18,248.25 from its bank accounts during the period of August 10, 2016 through March 31, 2017. (Ex. A - McNulty Affidavit, ¶ 4.)

9. Longhorn has never asserted that any of the transfers it made after being served with the Citation were exempt from the prohibition against transfer. Additionally, there is no statutory exception for payment of ordinary business expenses, including professional services. *Bank of Am., N.A. v. Freed*, 971 N.E.2d 1087, 1095 (Ill. App. Ct. 2012); *City of Chicago v. Air Auto Leasing Co.*, 697 N.E.2d 788, 791-92 (Ill. App. Ct. 1998); *Laborers' Pension Fund v. Dominic Jr., Inc.*, No. 02 C 3321, 2003 WL 21310282, at *2-3 (N.D. Ill. June 5, 2003).

**B. Calculation of Requested Judgment.**

10. After a finding of contempt, 735 ILCS 5/2-1402(f)(1) provides that this Court may enter a judgment against Green "in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser."

11. In accordance with Local Rule 37.1 and 735 ILCS 5/2-1402(f)(1) and (h), this Court may also award Plaintiffs the attorneys' fees and costs that it has incurred in connection with the Contempt Motion. *Shales v. T. Manning Concrete, Inc.*, 847 F.Supp.2d 1102, 1119 (N.D. Ill. 2012) (awarding attorneys' fees to a pension fund after the president of an employer violated a citation).

12. Awarding the attorneys' fees that Central States has incurred in connection with the Contempt Motion is warranted because Green admitted that he knowingly caused or allowed Longhorn to violate the Citation because he thought the judgment against Longhorn was "frivolous." (Dkt. 41 – Order, pp. 2, 4, 6.)

13. Plaintiffs have incurred $5,130.00 in attorneys' fees in connection with the Contempt Motion. (Ex. A - McNulty Affidavit, ¶ 6.)

14. Since the value of the assets transferred after service of the Citation is less than the amount of the unpaid portion of the Longhorn judgment, Plaintiffs request that a judgment be entered in the amount of the transfers made after service of the Citation ($18,248.25), plus the attorneys' fees incurred in connection with the Contempt Motion ($5,130.00), for a total judgment of $23,378.25.

15. Under 735 ILCS 5/2-1303, interest on a money judgment accrues at the rate of nine percent (9%) per annum from the date of the judgment until paid in full.

16. Attached hereto as Exhibit B is a proposed Judgment Order. A copy of the proposed order will also be submitted electronically to the Court's e-mail address for proposed orders.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund and Arthur H. Bunte, Jr., trustee, respectfully request the following relief:

(a) That a judgment be entered against John Green, personally, in the following amounts:

| | |
|---|---|
| Transfers made in violation of Citation | $18,248.25 |
| Attorney's Fees | 5,130.00 |
| TOTAL | $23, 378.25 |

(b) That the judgment award Central States post-judgment interest computed and charged at the rate of nine percent (9%) per annum from the date of the judgment until paid in full.

Respectfully submitted,

*/s/Caitlin M. McNulty*
Caitlin M. McNulty (#6317985)
Central States Law Department
9377 W. Higgins Road
Rosemont, Illinois 60018
Telephone: (847) 939-2463
Fax: (847) 518-9797
cmcnulty@centralstatesfunds.org

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I, Caitlin M. McNulty, attorney for Plaintiffs, certify that on June 28, 2017, I caused the foregoing *Plaintiffs' Motion for Entry of Judgment* to be served on all parties indicated on the electronic filing receipt via the ECF system, and upon the following non-ECF participants by UPS overnight mail:

John W. Green
67571 U.S. Highway 31
Lakeville, IN 46536

                                      */s/Caitlin M. McNulty*
                                      Caitlin M. McNulty (#6317985)
                                      Central States Law Department
                                      9377 W. Higgins Road
                                      Rosemont, Illinois 60018
                                      Telephone: (847) 939-2463
                                      Fax: (847) 518-9797
                                      cmcnulty@centralstatesfunds.org

                                      ATTORNEY FOR PLAINTIFFS